UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID A. SCHONABAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00127-JPH-MG |
| | ) | |
| T. ROBERTSON DHB Officer, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff David Schonabaum is a prisoner currently incarcerated at
Correctional Industrial Facility. He filed this civil action on March 10, 2025.
Because the plaintiff is a "prisoner," this Court must screen the complaint before
service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim to
relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names a single defendant: Disciplinary Hearing Officer (DHO) T. Robertson. Mr. Schonabaum seeks compensatory damages, lost wages, and that a disciplinary conviction be reversed and vacated.

In the relevant disciplinary proceeding, Mr. Schonabaum was found guilty of a B-247 offense, soliciting personal information. Dkt. 1 at 2. DHO Robertson imposed sanctions consisting of the loss of commissary, phone, and tablet privileges. *Id.* at 3. Because Mr. Schonabaum was placed on idle for a period of time, he also lost his kitchen job. *Id.* Mr. Schonabaum alleges that DHO Robertson was not impartial and did not provide a written statement, and there was insufficient evidence to find him guilty, in violation of his Fourteenth Amendment rights.

## III. Discussion of Claims

A Fourteenth Amendment liberty interest is implicated only if a sanction creates an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In this case, Mr. Schonabaum did not lose any earned credit time. Rather, he was deprived only of commissary, phone, and tablet privileges for 30 days. These conditions are not serious enough to raise a concern under the Due Process Clause. *See Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005) (3 months of segregation, loss of work, and loss of programming, telephone, and commissary privileges were not protected liberty interests). Mr. Schonabaum's claim that he was unlawfully deprived of these privileges is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Schonabaum further alleges that his Fourteenth Amendment rights were violated when he lost his kitchen job. Prisoners, however, have no liberty or property interest in their jobs. *See Grady v. Kinder*, 799 F. App'x 925, 927 (7th Cir. 2020) ("removal from a prison job does not implicate liberty or property interests"); *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018); *Soule v. Potts,* 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not give prisoners any substantive entitlements to prison employment."); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *McGee v. Mayo*, 211 F. App'x 492, 494 (7th Cir. 2006). This claim is also **dismissed for failure to state a claim upon which relief can be granted.**

Because the Court has been unable to identify a viable claim for relief against the defendant, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### IV. Opportunity to File a Second Amended Complaint

The dismissal of the complaint will not, in this instance, lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Sawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Schonabaum to amend his complaint if, after revies this Court's Order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1815(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Schonabaum shall have **through January 8, 2026, to file an amended complaint**.

The amended complaint must: (a) contain a short and plain statement of the claim showing that Mr. Schonabaum is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Schonabaum's copy of this Order, which he must use if he files an amended complaint. *See* S.D. Ind. L.B. 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have both the proper case number, 2:25-cv-00127-JPH-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Schonabaum wishes to purse in this action.

If Mr. Schonabaum files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A. If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 12/8/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID A. SCHONABAUM
301744
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064